UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

COMMAND CINEMA CORP.,

                Plaintiff,

v.

SOMETHING WEIRD VIDEO, INC.
and MICHAEL R. VRANEY,

                Defendants.
----------------------------------------------------------X

Case No. 07 CIV 8333 (DC)

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

    Plaintiff, Command Cinema Corp., by its attorney, Anthony Motta, as and for its Complaint against the defendants, Something Weird Video, Inc. and Michael R. Vraney, alleges the following:

### PARTIES

    1. Plaintiff, Command Cinema Corp., is a New York corporation which at all times herein relevant maintained a place of business or other facilities in the State of New York.

    2. Upon information and belief, the defendant, Something Weird Video, Inc. ("Something Weird"), is a Washington State Corporation with its principal offices in the State of Washington.

    3. Upon information and belief, Something Weird manufactures/causes to be manufactured, sells, distributes, and/or offers for sale on DVD's and VHS tapes adult movies and adult movie trailers.

4. Upon information and belief, Michael Vraney ("Vraney"), is a resident of the State of Washington and at all times herein relevant was and is a shareholder, director, and officer of Something Weird.

5. To the extent that the copyright infringement alleged below were committed by or in the name of Something Weird, Vraney participated personally in the infringing acts and/or used Something Weird to carry out his willful and deliberate infringement and/or determined the corporate policies of Something Weird that resulted in the infringement and/or derived financial benefit from the infringing activity.

6. Upon information and belief, Something Weird and/or Varney regularly does or solicits business, or engages in any persistent course of conduct, or derives substantial revenue from goods used or services rendered in the state.

7. Upon information and belief, Something Weird and/or Varney expect or should reasonably expect the acts alleged herein to have consequences in the state and derives substantial revenue from interstate or international commerce.

## JURISDICTION

8. This court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§1331 and 1338.

## VENUE

9. Venue of this case is proper in this district pursuant to 28 U.S.C. §§1391(b) and 1400.

## FIRST CLAIM FOR COPYRIGHT INFRINGEMENT
## AGAINST SOMETHING WEIRD AND VRANEY

10. In or about 1975 the film, *Farewell Scarlet* ("*Farewell Scarlet*"), written by Chuck Vincent ("Vincent") and Howard Winters ("Winters") was released for theater distribution in the United States by their jointly owned corporation, V&W Films, Inc.

11. *Farewell Scarlet* contained in its opening sequence a notice of copyright identifying V&W Films, Inc. as the copyright holder in a format in compliance with the Copyright Act and all other U.S. laws governing copyright.

12. There was also released a trailer of *Farewell Scarlet* (the "*Farewell Scarlet Trailer*") comprised almost exclusively of scenes and sequences from *Farewell Scarlet*.

13. V&W Films, Inc. was subsequently dissolved by Vincent and Winters with its assets divided between Vincent and Winters.

14. Vincent subsequently transferred his copyright interest in *Farewell Scarlet* to Winters.

15. Winters thereafter transferred the entire copyright in *Farewell Scarlet* to plaintiff, a corporation in which Winters was an owner.

16. Plaintiff registered its copyright in *Farewell Scarlet* on January 8, 1982 with the U.S. Copyright Office which assigned registration number PA381-125.

17. Plaintiff owns the masters and intellectual property rights in *Farewell Scarlet*.

18. Without plaintiff's consent defendants copied, manufactured, distributed and sold in VHS tape and DVD formats the *Farewell Scarlet Trailer* on at least one of its compilation films entitled, *70's XXX Movie House Trailers Volume 16* (the "First Infringing Film").

19. Plaintiff sent to Something Weird a cease and desist letter and confronted defendant on its unauthorized use of the *Farewell Scarlet Trailer* in the First Infringing Film.

20. Defendants have failed and refused to cease its use of the *Farewell Scarlet Trailer*.

21. Defendants have infringed the copyright of plaintiff in the *Farewell Scarlet Trailer*.

22. By reason of the infringement and threatened infringement of the defendants, plaintiff has sustained and will continue to sustain substantial injury, loss and damage to its rights in *Farewell Scarlet*.

23. Further irreparable harm to plaintiff is imminent as a result of defendants' conduct, and plaintiff is without adequate remedy at law. Plaintiff is entitled to an injunction restraining defendants, its officers, directors, agents, employees and representatives and all persons acting in concert with them from engaging in further acts of copyright infringement.

24. Plaintiff is further entitled to recover from defendants the damages sustained by plaintiff as a result defendants' acts of copyright infringement. Plaintiff is at present unable to ascertain the full extent of the monetary damage plaintiff has suffered by reason of defendants' acts of copyright infringement but believes such damages exceed $150,000.

25. Plaintiff is further entitled to recover from defendants the gains, profits and advantages it obtained as a result of their acts of copyright infringement. Plaintiff is at present unable to ascertain the full extent of the gains, profits, and advantages defendants have obtained by reason of their acts copyright infringement, but plaintiff is informed and believes that defendants have obtained such gains, profits, and advantages in an amount exceeding $150,000.

26. Alternatively, pursuant to 17 U.S.C. Section 504, plaintiff is entitled to statutory damages not exceeding $150,000 for the defendants' willful infringement of plaintiff's copyright in *Farewell Scarlet*.

27. Pursuant to 17 U.S.C. Section 505 Plaintiff is entitled to its reasonable attorney's fees and costs in prosecuting this action.

### SECOND CLAIM FOR COPYRIGHT INFRINGEMENT AGAINST SOMETHING WEIRD AND VRANEY

28. Plaintiff repeats the allegations set forth in paragraphs 1 through 27.

29. In or about 1974 the film, *Heavy Load* ("*Heavy Load*") written by Vincent and Winters was released for theater distribution in the United States.

30. *Heavy Load* contained in its opening sequence a notice of copyright identifying Vincent and Winters as the authors in a format in compliance with the Copyright Act and all other U.S. laws governing copyright.

31. There was also released a trailer of *Heavy Load* (the "*Heavy Load Trailer*") comprised almost exclusively of scenes and sequences from the *Heavy Load*.

32. Vincent subsequently transferred his copyright interest in *Heavy Load* to Winters.

33. Winters thereafter transferred the entire copyright in *Heavy Load* to plaintiff.

34. Plaintiff registered its copyright in *Heavy Load* on December 22, 1981 with the U.S. Copyright Office which assigned registration number PA371-689.

35. Plaintiff owns the masters and intellectual property rights in *Heavy Load*.

36. Without plaintiff's consent defendants copied, manufactured, distributed and sold in VHS tape and DVD formats the *Heavy Load* Trailer on at least one of its compilation films entitled, *70's XXX Movie House Trailers Volume 15* (the "Second Infringing Film").

37. Plaintiff sent to Something Weird a cease and desist letter and confronted defendant on its unauthorized use of the *Heavy Load Trailer* in the Second Infringing Film.

38. Defendants have failed and refused to cease its use of the *Heavy Load Trailer*.

39. Defendants have infringed the copyright of plaintiff in the *Heavy Load Trailer*.

40. By reason of the infringement and threatened infringement of the defendants, plaintiff has sustained and will continue to sustain substantial injury, loss and damage to its rights in *Heavy Load*.

41. Further irreparable harm to plaintiff is imminent as a result of defendants' conduct, and plaintiff is without adequate remedy at law. Plaintiff is entitled to an injunction restraining defendants, its officers, directors, agents, employees and representatives and all persons acting in concert with them from engaging in further acts of copyright infringement.

42. Plaintiff is further entitled to recover from defendants the damages sustained by plaintiff as a result defendants' acts of copyright infringement. Plaintiff is at present unable to ascertain the full extent of the monetary damage plaintiff has suffered by reason of defendants' acts of copyright infringement but believes such damages exceed $150,000.

43. Plaintiff is further entitled to recover from defendants the gains, profits and advantages it obtained as a result of their acts of copyright infringement. Plaintiff is at present unable to ascertain the full extent of the gains, profits, and advantages defendants have obtained

by reason of their acts copyright infringement, but plaintiff is informed and believes that defendants have obtained such gains, profits, and advantages in an amount exceeding $150,000.

44. Alternatively, pursuant to 17 U.S.C. Section 504, plaintiff is entitled to statutory damages not exceeding $150,000 for the defendants' willful infringement of plaintiff's copyright in *Heavy Load*.

45. Pursuant to 17 U.S.C. Section 505 Plaintiff is entitled to its reasonable attorney's fees and costs in prosecuting this action.

### THIRD CLAIM FOR COPYRIGHT INFRINGEMENT
### AGAINST SOMETHING WEIRD AND VRANEY

46. Plaintiff repeats the allegations set forth in paragraphs 1 through 45.

47. In or about 1975 or 1976 the film, *Fantasex* ("*Fantasex*") was released for theater distribution in the United States by The Dreams Company a corporation jointly owned by Winters and Bernard Greenberg.

48. *Fantasex* contained in its opening sequence a notice of copyright identifying The Dreams Company as the copyright holder in a format in compliance with the Copyright Act and all other laws governing copyright.

49. There was subsequently released a trailer of *Fantasex* (the "*Fantasex Trailer*") comprised almost exclusively of scenes and sequences from *Fanatsex*.

50. Plaintiff in or about 1976 purchased the interest of Bernard Greenberg in the assets of The Dreams Company.

51. All the assets of The Dreams Company were subsequently transferred to plaintiff.

52. Plaintiff registered its copyright in *Fantasex* with the U.S. Copyright Office twice:

on March 23, 1976, assigned registration number PA381-125, and on March 12, 1981 assigned registration number PA359-666.

53. Plaintiff owns the masters and intellectual property rights in *Fantasex*.

54. Without plaintiff's consent defendants copied, manufactured, distributed and sold in VHS tape and DVD formats the *Fantasex Trailer* on at least one of its compilation films entitled, *70's XXX Movie House Trailers Volume 14* (the "Third Infringing Film").

55. Plaintiff sent to Something Weird a cease and desist letter and confronted defendant on its unauthorized use of the *Fantasex Trailer* in the Third Infringing Film.

56. Defendants has failed and refused to cease its use of the *Fantasex Trailer*.

57. Defendants have infringed the copyright of plaintiff in the *Fantasex Trailer*.

58. By reason of the infringement and threatened infringement of the defendants, plaintiff has sustained and will continue to sustain substantial injury, loss and damage to its rights in *Fantasex*.

59. Further irreparable harm to plaintiff is imminent as a result of defendants' conduct, and plaintiff is without adequate remedy at law. Plaintiff is entitled to an injunction restraining defendants, its officers, directors, agents, employees and representatives and all persons acting in concert with them from engaging in further acts of copyright infringement.

60. Plaintiff is further entitled to recover from defendants the damages sustained by plaintiff as a result defendants' acts of copyright infringement. Plaintiff is at present unable to ascertain the full extent of the monetary damage plaintiff has suffered by reason of defendants' acts of copyright infringement but believes such damages exceed $150,000.

61. Plaintiff is further entitled to recover from defendants the gains, profits and advantages it obtained as a result of their acts of copyright infringement. Plaintiff is at present unable to ascertain the full extent of the gains, profits, and advantages defendants have obtained by reason of their acts copyright infringement, but plaintiff is informed and believes that defendants have obtained such gains, profits, and advantages in an amount exceeding $150,000.

62. Alternatively, pursuant to 17 U.S.C. Section 504, plaintiff is entitled to statutory damages not exceeding $150,000 for the for defendants' willful infringement of plaintiff's copyright in *Fantasex*.

63. Pursuant to 17 U.S.C. Section 505 Plaintiff is entitled to its reasonable attorney's fees and costs in prosecuting this action.

### FOURTH CLAIM FOR COPYRIGHT INFRINGEMENT
### AGAINST SOMETHING WEIRD AND VRANEY

64. Plaintiff repeats the allegations set forth in paragraphs 1 through 63.

65. In or about 1984 the film, *G-Strings* ("*G-Strings*") was released for theater distribution in the United States by Scope Pictures Inc.

66. *G-Strings* contained in its opening sequence a notice of copyright identifying Scope Pictures Inc. as the copyright holder.

67. There was also released a trailer of *G-Strings* (the "*G-Strings Trailer*") comprised almost exclusively of scenes and sequences from *G-Strings*.

68. Plaintiff in or about 1983 obtained from Scopes Pictures Inc. the exclusive right in perpetuity to re-produce, re-license and sell *G-Strings* in videotape and video disc format in the United States and Canada.

69. Plaintiff registered a copyright in *G-Strings* on February 13, 1987 with the U.S. Copyright Office which assigned registration number PA322-342.

70. Without plaintiff's consent defendants copied, manufactured, distributed and sold in VHS tape and DVD formats the *G-Strings Trailer* on at least one of its compilation films entitled, *70's XXX Movie House Trailers Volume 14* (the "Fourth Infringing Film").

71. Plaintiff sent to Something Weird a cease and desist letter and confronted defendant on its unauthorized use of the *G-Strings Trailer* in the Fourth Infringing Film.

72. Defendants have failed and refused to cease its use of the *G-Strings Trailer*.

73. Defendants have infringed the copyright interest of plaintiff in the *G-Strings Trailer*.

74. By reason of the infringement and threatened infringement of the defendants, plaintiff has sustained and will continue to sustain substantial injury, loss and damage to its rights in *G-Strings*.

75. Further irreparable harm to plaintiff is imminent as a result of defendants' conduct, and plaintiff is without adequate remedy at law. Plaintiff is entitled to an injunction restraining defendants, its officers, directors, agents, employees and representatives and all persons acting in concert with them from engaging in further acts of copyright infringement.

76. Plaintiff is further entitled to recover from defendants the damages sustained by plaintiff as a result defendants' acts of copyright infringement. Plaintiff is at present unable to ascertain the full extent of the monetary damage plaintiff has suffered by reason of defendants' acts of copyright infringement but believes such damages exceed $150,000.

77. Plaintiff is further entitled to recover from defendants the gains, profits and advantages it obtained as a result of their acts of copyright infringement. Plaintiff is at present unable to ascertain the full extent of the gains, profits, and advantages defendants have obtained by reason of their acts copyright infringement, but plaintiff is informed and believes that defendants have obtained such gains, profits, and advantages in an amount exceeding $150,000.

78. Alternatively, pursuant to 17 U.S.C. Section 504, plaintiff is entitled to statutory damages not exceeding $150,000 for the defendants' willful infringement of plaintiff's copyright in *G-Strings*.

79. Pursuant to 17 U.S.C. Section 505 Plaintiff is entitled to its reasonable attorney's fees and costs in prosecuting this action.

WHEREFORE, plaintiff demands judgment

a) On its First Claim against the defendants, Something Weird Video, Inc. and David Vraney

> (i) For a preliminary and permanent injunction enjoining defendants and all persons acting in concert with them from manufacturing, distributing, and/or selling on DVD's or VHS tapes *Farewell Scarlet*, and to deliver to the Court for destruction or other reasonable disposition all such material and means for producing same in defendants' possession or control.
>
> (ii) For plaintiff's actual damages and the profits of Something Weird Video, Inc. in an amount to be determined at trial, or alternatively, for statutory damages of $150,000 pursuant to 17 U.S.C. Section 504 for the willful infringement by the defendants.
>
> (iii) For its reasonable attorney's fees and costs pursuant to 17 U.S.C. Section 505.

b) On its Second Claim against the defendants, Something Weird Video, Inc. and David Vraney

(I) For a preliminary and permanent injunction enjoining defendants and all persons acting in concert with them from manufacturing, distributing, and/or selling on DVD's or VHS tapes *Heavy Load*, and to deliver to the Court for destruction or other reasonable disposition all such material and means for producing same in defendants' possession or control.

(ii) For plaintiff's actual damages and the profits of Something Weird Video, Inc. in an amount to be determined at trial, or alternatively, for statutory damages of $150,000 pursuant to 17 U.S.C. Section 504 for the willful infringement by the defendants.

(iii) For its reasonable attorney's fees and costs pursuant to 17 U.S.C. Section 505.

c) On its Third Claim against the defendants, Something Weird Video, Inc. and David Vraney

(I) For a preliminary and permanent injunction enjoining defendants and all persons acting in concert with them from manufacturing, distributing, and/or selling on DVD's or VHS tapes *Fantasex*, and to deliver to the Court for destruction or other reasonable disposition all such material and means for producing same in defendants' possession or control.

(ii) For plaintiff's actual damages and the profits of Something Weird Video, Inc. in an amount to be determined at trial, or alternatively, for statutory damages of $150,000 pursuant to 17 U.S.C. Section 504 for the willful infringement by the defendants.

(iii) For its reasonable attorney's fees and costs pursuant to 17 U.S.C. Section 505.

d) On its Fourth Claim against the defendants, Something Weird Video, Inc. and David Vraney

(I) For a preliminary and permanent injunction enjoining defendants and all persons acting in concert with them from manufacturing, distributing, and/or selling on DVD's or VHS tapes *G-Strings*, and to deliver to the Court for destruction or other reasonable disposition all such material and means for producing same in defendants' possession or control.

      (ii) For plaintiff's actual damages and the profits of Something Weird Video, Inc. in an amount to be determined at trial, or alternatively, for statutory damages of $150,000 pursuant to 17 U.S.C. Section 504 for the willful infringement by the defendants.

      (iii) For its reasonable attorney's fees and costs pursuant to 17 U.S.C. Section 505.

e) On all its Claims for interest from February 11, 2005 and the costs and disbursements

f) For such other and further relief as this Court deems necessary and proper.

Dated: New York, New York
      September 14, 2007

_____
ANTHONY MOTTA (AM-1648)
Attorney for Plaintiff, Command Cinema Corp.
50 Broadway, # 2202
New York, N.Y. 10004
Tel: (212) 791-7360
Fax: (212) 791-7468